UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                                )
                                      )
James Donald Strickland               )
and Mary Ann Strickland,              )    Case No. 06-81060 C-13D
                                      )
        Debtors                       )
                                      )

MEMORANDUM OPINION

This case came before the court on January 25, 2007 as a result of an objection by the Chapter 13 Trustee to the confirmation of the Debtors' proposed plan of reorganization. Edward C. Boltz appeared on behalf of the Debtors and Benjamin E. Lovell appeared on behalf of the Chapter 13 Trustee, Richard M. Hutson, II. The Trustee's objection was filed pursuant to section 1325(b) and asserts that the plan cannot be confirmed because the Debtor is an above-median-income debtor and the length of the plan period is 55 months rather 60 months. For the reasons that follow, the court has concluded that the objection should be sustained and confirmation denied.

This court has ruled previously that the applicable commitment period under section 1325(b)(4) should be interpreted as requiring a specific plan duration rather than functioning merely as a multiplicand and that an above-median-income debtor with disposable monthly income therefore is required to submit a plan with a commitment period that is 60 months in duration in order to survive an objection under section 1325(b)(1)(B). In re Crittendon, No.

...
...

bar

y

06-10322, 2006 WL 2547102 (Bankr. M.D.N.C. Sept. 1, 2006).

The issue presented in this case is whether the same requirement exists if, at the time of confirmation, an above-median-income debtor does not have any disposable monthly income under the calculation called for under the Form B22C.

The Debtors argue that under such circumstances the applicable commitment period specified in section 1325(b)(4) is irrelevant and hence not applicable. Although there are some opinions that support the Debtors' argument,[1] the court respectfully disagrees. There is no plain language or explicit exception in section 1325(b) stating that no commitment period is required if an above-median-income debtor has no monthly disposable income at the time of confirmation. In construing a statute, a court should "not be guided by a single sentence or member of a sentence, but [should] look to the provisions of the whole law, and to its object and policy. Kelly v. Robinson, 479 U.S. 36, 43 (1986). Debtors' interpretation of 1325(b) is inconsistent with important Chapter 13 objectives and policy. A fundamental tenet of chapter 13 is that the debtor makes an ongoing commitment to provide all disposable income over a period of time to repay creditors. With an ongoing obligation by the debtor to remain in bankruptcy for the plan term,

---

[1] E.g., In re Lawson, No. 06-22766, 2007 WL 184733, at *3 (Bankr. D. Utah Jan. 25, 2007); In re Kagenveama, No. 05-28079, 2006 Bankr. Lexis 2759, at *9 (Bankr. D. Ariz. July 10, 2006); In re Alexander, 344 B.R. 742, 751 (Bankr. E.D.N.C. 2006).

interested parties can monitor the debtor and capture any increases in the debtor's disposable income. Section 1329 provides a mechanism for the trustee or an unsecured creditor to seek modification of a confirmed plan to increase the amount of payments or to extend the time for payments. An interpretation of section 1325(b) under which the "applicable commitment period" is treated as irrelevant and inapplicable would unnecessarily restrict section 1329 and severely undermine the ability of interested parties to monitor such cases to ensure that debtors exercise their best efforts to repay creditors during a specified minimum plan period.

If cases such as the present case are treated as having no minimum plan period, the chapter 13 debtor is allowed to retain his or her assets, and yet have the right to cash out the unsecured creditors at a discount at any time post-confirmation and exit chapter 13 by paying the pre-determined, discounted amount to unsecured creditors in exchange for the broader chapter 13 discharge at such time as the debtor determines. See In re Davis, 348 B.R. 449, 457 (Bankr. E.D. Mich. 2006). If, as noted in Davis, the purpose of the means test was to direct more chapter 7 debtors into chapter 13 to facilitate voluntary repayment to unsecured creditors, "it seems unlikely that Congress would have so changed chapter 13 as to now allow a debtor to pay a pre-determined discount price (which in many cases will be zero) to her unsecured creditors as and when the debtor chooses, and exit Chapter 13

without either having an ongoing commitment to make her best efforts over some required period of time to repay her creditors, or having ever subjected her assets to be administered for the benefit of those creditors by a trustee, as would occur in a Chapter 7 case." Davis, 348 B.R. at 457-58.

Finally, the conclusion advanced by the Debtors involves a significant departure from pre-BAPCPA law that is not required by the new language in section 1325(b) nor by any legislative history. Prior to BAPCPA, most courts interpreted section 1325(b)(1)(B) as imposing a 36 month temporal minimum for purposes of plan confirmation. See In re Slusher, No. 06-10435, 2007 WL 118009, at *9 (Bankr. D. Nev. Jan. 17, 2007)(citing cases). Interpreting section 1325(b) as imposing no minimum plan period would constitute "a gross departure from pre-BAPCPA practice that is not justified by the language or structure of the statute." In re Schanuth, 342 B.R. 601, 608 (Bankr. W.D. Mo. 2006).

The court concludes, therefore, that if the trustee or the holder of an allowed unsecured claim objects to confirmation pursuant to section 1325(b),[2] a specific plan duration of 60 months is required in a Chapter 13 case involving an above-median-income debtor without regard to whether such debtor's Form B22C reflects

---

[2]Issues regarding any of the requirements under section 1325(b) arise only when a section 1325(b) objection is filed by the trustee or the holder of an allowed unsecured claim. In re Jackson, 353 B.R. 849, 852 (Bankr. E.D.N.C. 2006).

- 4 -

positive disposable monthly income unless the plan provides for payment in full of all allowed unsecured claims over a shorter period. Such an objection having been filed in this case and the proposed plan duration being less than 60 months, confirmation shall be denied pursuant to an order that is being entered contemporaneously with the filing of this memorandum opinion.

This 13th day of February, 2007.

                                          */s/ William L. Stocks*
                                      WILLIAM L. STOCKS
                                      United States Bankruptcy Judge

PARTIES IN INTEREST

Edward C. Boltz, Esq.
6616-203 Six Forks Road
Raleigh, NC 27615

James & Mary Ann Strickland
P.O. Box 268
Wagram, NC 28396

Richard M. Hutson, II, Trustee
Benjamin E. Lovell, Aty for Trustee